UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE THOMAS GOSIER,

                                  Plaintiff,

v.                                                                        6:23-cv-1485
                                                                       (DNH/TWD)

DAVID J. COLLINS, et al.,

                                  Defendants.
_____

APPEARANCES:

WILLIE THOMAS GOSIER
*Plaintiff, pro se*
24067
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

**I.     INTRODUCTION**

Plaintiff Willie Thomas Gosier commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2, 3. On March 8, 2024, the Court granted Plaintiff's IFP application and advised by report and recommendation ("R&R") that Plaintiff's complaint be dismissed with leave to amend. Dkt. No. 4. On March 27, 2024, the Hon. David N. Hurd, U.S. District Judge, accepted and adopted the R&R. *See* Dkt. No. 5. On May 23, 2024, Plaintiff timely filed an amended complaint, which is before the Court for initial review. Dkt. No. 9.

## II. SUFFICIENCY OF THE AMENDED COMPLAINT

Because Plaintiff is proceeding IFP and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[1]

### A. Relevant Legal Standard

The Court shall dismiss a complaint in a civil action if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Twombly*, 550 U.S. at

---

[1] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)). Additionally, Plaintiff will still be required to pay fees he may incur in this action, including copying and/or witness fees.

570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id*. It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal punctuation and citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

Generally, before the Court dismisses a *pro se* complaint or any part of the complaint *sua sponte*, the Court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

B.     **Overview of the Original Complaint** [2]

Plaintiff's original complaint alleged David J. Collins, Chief of Police of the Rome Police Department, and two unknown police officers, "John Doee #1" and "John Doee #2" violated his civil rights related to a traffic stop in the City of Rome. Dkt. No. 1.

Specifically, in relevant part, Plaintiff alleged he was "targeted" and "stopped" for speeding on June 11, 2023, because he is a young "black mixed person." *Id*. at 11. During the traffic stop, the police officers learned Plaintiff was driving with a suspended license. *Id*. at 8. The officers also questioned Plaintiff about "why" he was in Rome without a lawyer being present and before reading Plaintiff his "Miranda" rights. *Id*. at 8-11. Plaintiff was "pulled" out of his car and handcuffed, and subjected to a "pat down search." *Id*. at 8. The female passenger was also searched by the police officers and "something" was found on her person. *Id*. The officers also searched the vehicle and Plaintiff's possessions without a warrant or his consent. *Id*. at 8-10. Plaintiff was taken to the Rome Police Department and the vehicle was impounded and damaged. *Id*. at 10. Thereafter, Plaintiff was "charged" with "what" they found on the passenger, which was "still" pending. *Id*. at 9-10.

The complaint was liberally construed to assert Fourth Amendment unlawful search and seizure, racial profiling, false arrest, and excessive force claims and Fourteenth Amendment due process claims against the named defendants. Dkt. No. 4.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the R&R recommended that each of Plaintiff's claims be dismissed for failure to

---

[2]  Citations to Plaintiff's submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system. Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

4

state a claim upon which relief may be granted.  Dkt. No. 4.  In light of his *pro se* status, it was recommended that Plaintiff be granted leave to amend to cure the deficiencies identified in the R&R.  *Id*.  Plaintiff did not file objections to the R&R.

Upon *de novo* review, the R&R was accepted, and Plaintiff's complaint was dismissed with leave to amend.  Dkt. No. 5.  Plaintiff was afforded thirty days in which to file an amended complaint that conforms with the specific instructions set forth in the R&R.  *Id*.

### C.     Overview of the Amended Complaint [3]

The allegations in the amended complaint are substantially similar to, albeit less detailed than, the allegations in the original complaint.  *Compare* Dkt. No. 1 *with* Dkt. No. 9.  Plaintiff's amended complaint reasserts claims against Defendants Collins, John Doe #1, and John Doe #2 arising out of the traffic stop in Rome, New York.[4]  *See generally* Dkt. No. 9.  Plaintiff also names David A. Salle, Detective Shield 11201 as a Defendant.[5]  *Id*. at 1.  Defendants are sued in

---

[3]  The amended complaint is not signed by Plaintiff.  *See generally* Dkt. No. 9.  Rule 11(a) of the Federal Rules of Civil Procedure states:
> (a) Signature.  Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented . . . .  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).  Therefore, Plaintiff must, within fourteen days, execute and file an affidavit which states that he has read the amended complaint and the text of Federal Rule of Civil Procedure 11.  By executing the same, Plaintiff shall be declaring that he is representing to the Court all of the representations delineated in Federal Rule of Civil Procedure 11(b) with respect to the amended complaint.  Plaintiff is advised that if he does not comply, this action may be dismissed without prejudice.  The Clerk is directed to serve a Rule 11 affidavit and a copy of the amended complaint on Plaintiff.

[4]  The Clerk is directed to change the spelling from "Doee" to "Doe" on the Docket.

[5]  The Clerk is directed to add this individual as a Defendant on the Docket.

their official and individual capacities.  *Id*.  The following facts are set forth as alleged by Plaintiff in the amended complaint.

On June 11, 2023, Plaintiff was pulled over by Rome police officers John Doe #1 and John Doe #2.  *Id*.  They had no probable cause to "search/arrest" Plaintiff and his friend "but they did so unlawfully."  *Id*.  Plaintiff was "forced" and "pulled out" of his vehicle.  *Id*.  "They found nothing" on Plaintiff but found "something" on his friend.  *Id*.  Plaintiff and his friend were arrested and brought to the Rome Police Department.  *Id*. at 1-2.  Plaintiff's car was towed.  *Id*. at 2.  Plaintiff "feel[s]" "this was all because" he is a black male in a "nice car so they assumed that i was a drug dealer or something."  *Id*. at 2.  Plaintiff was also questioned about why he was in Rome, where he was going, etc., before he was read his "Miranda" rights.  *Id*.  Plaintiff was subjected to "racial profiling" when he was asked "where and how was i able to affored the car i had if i ever worked in my life."  *Id*.

Plaintiff alleges Defendants John Doe #1, John Doe #2, Collins, and Salle "charge[d]" him "with what they found on my friend C.P.W.2nd."  *Id*.  Plaintiff states he has met all five elements for his malicious prosecution claims:

> (1) All four defendants John Doe, John Doe, Collins, David A. Salle have caused me continued confinement and prosecution
>
> (2) The original action was terminated in favor of my criminal defense
>
> (3) No probable cause supported my original arrest, continued confinement, or prosecution
>
> (4) All four defendants acted with malice.  A lack of probable cause created an inference of malice by David A. Salle, Collins, John Doe, John Doe.  Four R.P.D. officers falsifying evidence is sufficient to show malice in front of a jury in USDC, NDNY.

6

>        (5) I have sustained damages and Fourth Amendment violation
           because of the defendants unlawful actions of malicious
           prosecution without probable cause.

*Id*. at 2-3. Plaintiff "was not convicted of C.P.W.2nd [and] the charge was dismissed" in his favor. *Id*. at 3.

Plaintiff also had to "pay extra money to get car out of inpound on a weekend." *Id*. at 4. The car was damaged (flat tire, coffee stains, and dents), he is missing a lot of his personal papers and book bag, and they "went thru his phones unlawfully no-warrant to do so." *Id*.

Based on the forgoing, Plaintiff claims he was falsely arrested and "hit with a criminal possession of a weapon 2nd," which was "found on someone else" during the traffic stop. *Id*. at 1. "They put the charge on me so i am claiming false arrest, discrimination, due process, unreasonable search and seizure, malicious prosecution, excessive force." *Id*.

### D.    Analysis

Plaintiff seeks relief pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

#### 1.    False Arrest

To prevail on a claim of false arrest under the Fourth Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) that the defendant intended to confine the plaintiff; (2) that the plaintiff was conscious of the confinement; (3) that the plaintiff did not consent to the confinement; and (4) that the confinement was not otherwise privileged. *Ackerson v. City of*

*White Plains*, 702 F.3d 15, 19 (2d Cir. 2012); *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019).

At this stage of the proceeding, and mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court recommends Plaintiff's Fourth Amendment false arrest claims against Defendants John Doe #1 and John Doe #2 survive initial review and require a response. The Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 2. Malicious Prosecution

To prevail on a malicious prosecution claim under the Fourth Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) the commencement or continuation of a criminal proceeding against him; (2) the termination of the proceeding in his favor; (3) that the state officials lacked probable cause; and (4) that the proceeding was instituted with malice. *Thompson v. Clark*, 596 U.S. 36, 41 (2022); *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (citing *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003); *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983)).

At this stage of the proceeding, and mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff*, 537 F.3d at 191, the Court recommends Plaintiff's Fourth Amendment malicious prosecution claims against Defendants Collins, Salle, John Doe #1, and John Doe #2 survive initial review and require a response. The Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 3. Remaining Claims

Liberally construed, Plaintiff's amended complaint repleads Fourth and Fourteenth Amendment unreasonable search and seizure, excessive force, discrimination, due process, and "official capacity" claims related to the traffic stop in Rome, New York. *See generally* Dkt. No. 9. The law related to these claims was discussed at length in the R&R. *See* Dkt. No. 4. Even when construed with the utmost of special lenience, Plaintiff's amended complaint has not cured the deficiencies identified in the R&R. *See generally* Dkt. No. 4.

Accordingly, the Court recommends that these claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's inmate authorization (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay the Northern District of New York the statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of Plaintiff's inmate authorization (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the Clerk update the docket to (1) add David A. Salle, Detective, Shield 11201 as a Defendant; and (2) correct the spelling of the John "Doe" Defendants; and it is further

**ORDERED** that **Plaintiff must, within fourteen (14) days, execute and file an affidavit pursuant to Federal Rule of Civil Procedure 11 and his failure to do so may result in dismissal of this action without prejudice**; and it is further

**RECOMMENDED** that upon receipt of Plaintiff's executed Rule 11 affidavit the Clerk be directed be attach the same to Plaintiff's amended complaint; and it is further

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 9) be **ACCEPTED for filling** to the extent that it asserts: (1) Fourth Amendment false arrest claims against Defendants John Doe #1 and John Doe #2; and (2) Fourth Amendment malicious prosecution claims against Defendants Collins, Salle, John Doe #1, and John Doe #2; and it is further

**RECOMMENDED** that, except as to the foregoing, the remaining claims asserted in the amended complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk serve a copy of the Order and Report-Recommendation on Plaintiff, along with a copy of the unpublished decision cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a Rule 11 affidavit and a copy of the amended complaint (Dkt. No. 9) on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.

---

[6] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

**IT IS SO ORDERED.**

Dated: October 25, 2024
Syracuse, New York

*/s/ Thérèse Wiley Dancks*
Thérèse Wiley Dancks
United States Magistrate Judge

---

Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE THOMAS GOSIER,

         Plaintiff,

v.                    6:23-cv-1485
                        (DNH/TWD)

DAVID J. COLLINS, et al.,

         Defendants.
_____

**AFFIDAVIT OF PLAINTIFF**

STATE OF NEW YORK:
COUNTY OF _____ :ss.

  Willie Thomas Gosier, being duly sworn, deposes and states:

  1.  I am the plaintiff in *Gossier v. Collins et al.*, No. 6:23-CV-1485 and submit this affidavit in support of my amended complaint.

  2.  On or about May 23, 2024, I completed the amended complaint in this matter and thereafter forwarded it to the United States District Court for the Northern District of New York.

  3.  The information set forth in the amended complaint was true and correct in May 2024 and has not changed in any material respect since that time.

  4.  I have read the text of Rule 11 of the Federal Rules of Civil Procedure and the traverse. By executing (signing) this affidavit, I hereby represent to the Court all of the representations set forth in Rule 11(b) with respect to the amended complaint that I filed herein.

                     _____
                       Willie Thomas Gosier

Sworn to and subscribed before

me this _____ day of _____, 2024.


_____
  Notary Public

Case 6:23-cv-01485-DNH-TWD   Document 11   Filed 10/25/24   Page 13 of 18
Cash v. Bernstein, Not Reported in F.Supp.2d (2010)
2010 WL 5185047

2010 WL 5185047
Only the Westlaw citation
is currently available.
United States District Court,
S.D. New York.

David J. CASH, Plaintiff,
v.
BERNSTEIN, MD, Defendant.

No. 09 Civ.1922(BSJ)(HBP).
|
Oct. 26, 2010.

REPORT AND RECOMMENDATION[1]

PITMAN, United States Magistrate Judge.

**\*1** TO THE HONORABLE BARBARA S. JONES, United States District Judge,

I. *Introduction*
By notice of motion dated March 4, 2010 (Docket Item 11), defendant moves pursuant to 28 U.S.C. § 1915(g) to revoke plaintiff's *in forma pauperis* ("IFP") status on the ground that plaintiff has previously had at least three Section 1983 actions dismissed as frivolous, malicious or failing to state a claim upon which relief could be granted, and has not shown that he is in imminent danger of serious physical injury. Defendant further seeks an order directing that the action be dismissed unless plaintiff pays the full filing fee within thirty (30) days. For the reasons set forth below, I respectfully recommend that defendant's motion be granted.

II. *Facts*
Plaintiff, a sentenced inmate in the custody of the New York State Department of Correctional Services, commenced this action on or about January 12, 2009 by submitting his complaint to the Court's Pro Se office. Plaintiff alleges, in pertinent part, that he has "a non-healing ulcer that is gane green [*sic*]" and that defendant Bernstein "did not want to treat the ulcer right" (Complaint, dated March 3, 3009 (Docket Item 2) ("Compl."), at 3).

The action was originally commenced against two defendants—Dr. Bernstein and Dr. Finkelstein. The action was dismissed as to Dr. Finkelstein because the complaint contained no allegations whatsoever concerning Dr. Finkelstein (Order dated February 18, 2010 (Docket Item 9)).

On March 4, 2010, the sole remaining defendant—Dr. Bernstein—filed the current motion. Plaintiff failed to submit a response. Accordingly, on August 20, 2010, I issued an Order advising plaintiff that if he wished to oppose the motion, he must submit his opposition by September 15, 2010 and that after that date I would consider the motion fully submitted and ripe for decision (Order dated August 20, 2010 (Docket Item 15)). The only submission plaintiff has made in response to my Order is a multi-part form issued by the New York State Department of Correctional Services entitled "Disbursement or Refund Request."[2] By this form, plaintiff appears to request that the New York State Department of Correctional Services pay the filing fee for this action. The form is marked "Denied."

III. *Analysis*

[28 U.S.C. § 1915](...) permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged. Although an indigent, incarcerated individual need not prepay the filing fee at the time at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts. [28 U.S.C. § 1915(b)](...); *[Harris v. City of New York,](...)* 607 F.3d 18, 21 (2d Cir.2010). To prevent abuse of the judicial system by inmates, paragraph (g) of this provision denies incarcerated individuals the right to proceed without prepayment of the filing fee if they have repeatedly filed meritless actions, unless such an individual shows that he or she is in imminent danger of serious physical injury. *See [Ortiz v. McBride,](...)* 380 F.3d 649, 658 (2d Cir.2004) ("[T]he purpose of the PLRA ... was plainly to curtail what Congress perceived to be inmate abuses of the judicial process."); *[Nicholas v. Tucker,](...)* 114 F.3d 17, 19 (2d Cir.1997). Specifically, paragraph (g) provides:

> **\*2** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[28 U.S.C. § 1915(g)](...).

If an inmate plaintiff seeks to avoid prepayment of the filing fee by alleging imminent danger of serious physical injury, there must be a nexus between the serious physical injury asserted and the claims alleged. *[Pettus v. Morgenthau,](...)* 554 F.3d 293, 298 (2d Cir.2009).

[Section 1915(g)](...) clearly prevents plaintiff from proceeding in this action without prepayment of the filing fee. The memorandum submitted by defendant establishes that plaintiff has had his IFP status revoked on at least four prior occasions as a result of his repeatedly filing meritless actions.

- In 2005, plaintiff commenced an action in the United States District Court for the Northern District of New York seeking to have his infected leg amputated. *Nelson[3] v. Lee,* No. 9:05–CV–1096 (NAM)(DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007). In that matter, the Honorable Norman A. Mordue, Chief United States District Judge, accepted and adopted the Report and Recommendation of the Honorable David E. Peebles, United States Magistrate Judge, that plaintiff had brought three or more prior actions that had been dismissed for failure to state a claim and that plaintiff's IFP status should,

therefore, be revoked. 2007 WL 4333776 at *1–*2.

- In *Nelson v. Nesmith,* No. 9:06–CV–1177 (TJM)(DEP), 2008 WL 3836387 (N.D.N.Y. Aug. 13, 2008), plaintiff again filed an action concerning the medical care he was receiving for his left leg. The Honorable Thomas J. McAvoy, United States District Judge, accepted the Report and Recommendation of Magistrate Judge Peebles, and revoked plaintiff's IFP status and dismissed the action on the ground that plaintiff had previously commenced at least three actions that had been dismissed on the merits. 2008 WL 3836387 at *1, *7.

  - In *Nelson v. Spitzer,* No. 9:07–CV–1241 (TJM)(RFT), 2008 WL 268215 (N.D.N.Y. Jan. 29, 2008), Judge McAvoy again revoked plaintiff's IFP status on the ground that plaintiff had commenced three or more actions that constituted "strikes" under Section 1915(g) and had not shown an imminent threat of serious physical injury. 2008 WL 268215 at *1–*2.

  - Finally, in *Nelson v. Chang,* No. 08–CV–1261 (KAM)(LB), 2009 WL 367576 (E.D.N.Y. Feb. 10, 2009), the Honorable Kiyo A. Matsumoto, United States District Judge, also found, based on the cases discussed above, that plaintiff had exhausted the three strikes permitted by Section 1915(g) and could not proceed IFP in the absence of a demonstration of an imminent threat of serious physical injury. 2009 WL 367576 at *2–*3.

**\*3** As defendant candidly admits, there is one case in which plaintiff's leg infection was found to support a finding of an imminent threat of serious physical injury sufficient to come within the exception to Section 1915(g). *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2008 WL 4401874 at *2 (N.D.N.Y. Sept. 24, 2008). Nevertheless, summary judgment was subsequently granted for defendants in that case, and the complaint was dismissed. Judge Mordue concluded that there was no genuine issue of fact that plaintiff had received adequate medical care for his leg wound and that the failure of the leg to heal was the result of plaintiff's own acts of self-mutilation and interference with the treatment provided. *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2009 WL 5216955 at *3–*4 (N.D.N.Y. Dec. 30, 2009). [4]

In light of the foregoing, there can be no reasonable dispute that plaintiff has exceeded the three "strikes" allowed by Section 1915(g) and that he cannot, therefore, proceed here without prepaying the filing fee unless he demonstrates an imminent threat of serious physical injury. Plaintiff has declined to attempt to make this showing in response to defendant's motion, and the only suggestion in the record of serious physical injury is the bare statement in the complaint that plaintiff "need[s] to go back to a wound speci[a]list before the gane green [*sic*] kills [him]" (Compl. at 5). "However, unsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm." *Merriweather v. Reynolds,* 586 F.Supp.2d 548,

552 (D.S.C.2008), *citing Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003) *and White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir.1998); *see also Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.2003) (imminent danger exception to Section 1915(g) requires "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Given the plaintiff's history, as set forth in the cases described above, I conclude that this vague statement is insufficient to support a finding that plaintiff is in imminent danger of serious physical injury.[5]

IV. *Conclusion*

Accordingly, for all the foregoing reasons, I find that plaintiff has had three or more prior actions dismissed as being frivolous, malicious or failing to state a claim and that plaintiff's *in forma pauperis* status should, therfore, be revoked. If your Honor accepts this recommendation, I further recommend that the action be dismissed unless plaintiff pays the filing fee in full within thirty (30) days of your Honor's final resolution of this motion.

V. *OBJECTIONS*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Barbara S. Jones, United States District Judge, 500 Pearl Street, Room 1920, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS ***WILL*** RESULT IN A WAIVER OF OBJECTIONS AND ***WILL*** PRECLUDE APPELLATE REVIEW. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 5185047

---

**Footnotes**

| | |
|---|---|
| 1 | At the time the action was originally filed, the Honorable Leonard B. Sand, United States District Judge, granted plaintiff's application for *in forma pauperis* status based on plaintiff's *ex parte* submission (Docket Item 1). Although the present application seeking to revoke plaintiff's *in forma pauperis* status is non-dispositive, |

| | |
|---|---|
| | I address it by way of a report and recommendation to eliminate any appearance of a conflict between the decision of a district judge and that of a magistrate judge. |
| 2 | Plaintiff sent this form directly to my chambers, and it has not been docketed by the Clerk of the Court. The form will be docketed at the time this Report and Recommendation is issued. |
| 3 | It appears that plaintiff uses the names David J. Cash and Dennis Nelson interchangeably. In his complaint in this matter, plaintiff states that the Departmental Identification Number, or DIN, assigned to him by the New York State Department of Correctional Services ("DOCS") is 94–B–0694 (Compl. at 7). DOCS inmate account records submitted by plaintiff in connection with his application for IFP status indicate that DIN 94–B–0694 is assigned to Dennis Nelson. In addition, the DOCS form described in footnote two bears the docket number of this action, but is signed in the name of Dennis Nelson and was sent in an envelope identifying the sender as Dennis Nelson. A subsequent action has been filed in this Court in which the plaintiff identifies himself as Dennis Nelson but lists his DIN as 94–B–0694, the same DIN used by plaintiff here. Finally, plaintiff has submitted nothing to controvert the assertion in defendant's papers that David Cash and Dennis Nelson are the same person. In light of all these facts, I conclude that David Cash and Dennis Nelson are both names used by plaintiff. |
| 4 | Although the form complaint utilized by plaintiff expressly asks about prior actions involving the same facts, plaintiff disclosed only the *Scoggy* action and expressly denied the existence of any other actions relating to his imprisonment (Compl. at 6). |
| 5 | Plaintiff has sent me several letters describing his wound and its symptoms in detail, and I have no doubt that the wound is serious. However, in granting summary judgment dismissing an action last year based on the same allegations, Judge Mordue of the Northern District found that there was no genuine issue of fact that plaintiff's own conduct was responsible for the ineffectiveness of the treatment he was provided: |

> Furthermore, to the extent that Nelson's medical treatment was delayed, much of the delay was due to his own refusal to cooperate with medical staff and his self-mutilations. Nelson's actions to thwart the medical treatment of his wound cannot be construed as interference or indifference by anyone else.... [T]he medical treatment Nelson received complied with constitutional guarantees as it was appropriate, timely, and delayed only by Nelson's own actions.

*Nelson v. Scoggy, supra,* 2009 WL 5216955 at *4.

Given plaintiff's total failure to respond to the pending motion and his failure to even deny that he is actively thwarting treatment of his wound, it would be sheer speculation for me to conclude that he is in imminent danger of a serious injury as a result of defendant's conduct.

---

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.