UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE THOMAS GOSIER,

                Plaintiff,

          -v-                     6:23-CV-1485 (DNH/CBF)

DAVID J. COLLINS *et al.*,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## **ORDER**

On November 29, 2023, *pro se* plaintiff Willie Thomas Gosier ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights during a traffic stop that occurred in Rome, New York. *See* Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. After U.S. Magistrate Judge Thérèse Wiley Dancks granted his IFP Application, Dkt. No. 4, and this Court conditionally dismissed the pleading, Dkt. No. 5, plaintiff submitted an amended complaint for review, Dkt. No. 9.

On October 25, 2024, Judge Dancks reviewed the amended complaint and advised by R&R that the pleading be accepted for filing to the extent that

it asserted false arrest and malicious prosecution claims. Dkt. No. 11. This Court adopted the R&R without objection, Dkt. No. 13, and named defendants David J. Collins ("Collins") and David A. Salle ("Salle") answered those remaining claims, Dkt. No. 21.[1] Thereafter, Collins and Salle ("defendants") moved for summary judgment. Dkt. Nos. 24, 25. Plaintiff has not opposed summary judgment. *See* Dkt. No. 27. Instead, plaintiff has moved for the appointment of counsel. Dkt. No. 28.

Plaintiff's motion for counsel will be denied at this time. *See, e.g.*, *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994). In short, he has not articulated any reason to think his remaining claims might have some likelihood of merit (indeed, a review of defendants' filings strongly suggest that they are meritless), and based on the relatively straightforward factual and legal issues raised by his claims there is no reason to think that, in this particular case, the appointment of counsel is necessary at this time. *See, e.g.*, *Griggs v. Schmauss*, 668 F. Supp. 3d 168, 170 (W.D.N.Y. 2023) (explaining contours of the governing legal standard).

However, defendants' motion for summary judgment must also be denied without prejudice at this time. As noted *supra*, plaintiff is *pro se*. That means he is not represented by an attorney. Therefore, his pleadings, motions, and

---

[1] Plaintiff's amended complaint named Doe defendants, but discovery is closed and those defendants have not been identified or served. Accordingly, those defendants must be dismissed.

filings must be held to less stringent standards than those that might be drafted by a lawyer. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012).

As the Second Circuit has explained, *pro se* filings must be "construed liberally" with "special solicitude" and interpreted to raise the strongest claims they suggest. *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013). "This is particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Importantly, *pro se* litigants benefit from a special procedural safeguard in the summary judgment context: the district court is obligated to ensure that a *pro se* litigant has "actual notice, provided in an accessible manner, of the consequences of [his] failure to comply with the requirements of Rule 56." *Irby v. N.Y. City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001).

Either the district court or the movant can supply this notice. *See, e.g., M.B. v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997). The notice must be "provided in an accessible manner," *Irby*, 262 F.3d at 414, include a "short and plain statement in ordinary English" that explains "the nature and consequences of summary judgment," *McPherson v. Coombe*, 174 F.3d 276, 281 (2d Cir. 1999), and must advise the pro se litigant to "set forth all available evidence demonstrating a genuine dispute over material facts," *Sawyer v. Am. Fed. Of Gov't Emps.*, 180 F.3d 31, 35 (2d Cir. 1999) (citation omitted).

Failure to provide this notice is reversible error unless the record makes it obvious that the pro se litigant "has demonstrated a clear understanding of the nature and consequences of a summary judgment motion." *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009) (per curiam).

Plaintiff has not demonstrated a clear understanding of the nature and consequences of a summary judgment motion. So the question is whether plaintiff has been given the benefit of *Irby*'s procedural safeguard, either from the movant or from the Court.

A review of the docket indicates that he has not. The burden falls on the movant in the first instance. Under Local Rule 56.2, the moving party "shall inform the *pro se* litigant of the consequences of failing to respond to the summary judgment motion." Indeed, the District Court provides a recommended "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" on the District's website.[2]

This standard notice describes, in terms that are about as straightforward as any legal concept can be explained in a single-page document, "the nature and consequences of summary judgment." This notice also instructs plaintiff to marshal copies of all of his record evidence and spells out how he should respond to the movant's statement of material facts.

---

[2] https://www.nynd.uscourts.gov/sites/nynd/files/forms/Notification_Consequences_Failure_to_Respond_to_Summary_Judgment_Motion_010121.pdf

The problem in this case is that it is not clear from defendants' filings that they complied with this Local Rule. *See* Dkt. Nos. 24, 25; *see also* Dkt. No. 24-5 ¶ 13. Ordinarily, the District's Clerk's Office sends out its own copy of this standard warning notice to the *pro se* non-movant. But a review of the docket in this case indicates that this belt-and-suspenders approach to *Irby*'s procedural requirement inexplicably failed on both accounts.

As noted, the failure to provide this notice to a *pro se* party is reversible error. So the Court cannot award summary judgment at this time—even though it appears that defendants' motion is meritorious. Instead, the Court will deny without prejudice the motion for summary judgment and *sua sponte* extend the dispositive motion deadline for thirty days to give defendants an opportunity to re-brief the motion in accordance with Local Rule 56.2 (along with all the other applicable rules, of course).

Therefore, it is

ORDERED that

1. The Doe defendants are *sua sponte* DISMISSED;

2. Plaintiff's motion for counsel (Dkt. No. 28) is DENIED without prejudice;

3. Defendants' motion for summary judgment (Dkt. No. 24) is DENIED without prejudice; and

4.  The dispositive motion deadline (*see* Dkt. No. 22) is *sua sponte* RESET to THIRTY DAYS from the date of this decision.

The Clerk of the Court is directed to terminate the pending motions and the Doe defendants and reset the dispositive motion deadline accordingly.

IT IS SO ORDERED.

Dated:  March 13, 2026
       Utica, New York.

David N. Hurd
U.S. District Judge